MICHELE BECKWITH
Acting United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-00282-JLT-SKO |
|---|---|
| Plaintiff, | STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE |
| v. | |
| THOMAS QUALLS | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the United States and counsel for defendant that the status conference set for April 2, 2025, at 1:00 pm before the Honorable Sheila K. Oberto be continued to June 4, 2025, at 1:00 p.m.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The parties need additional time to further investigate/explore matters related to resolving the case or setting a trial date.

2. Particularly, the defendant is charged with arson in state court and is seeking a global resolution with this case and the arson case. Significant developments are still occurring in the arson case, including a search warrant of the defendant's home executed on March 14, 2025. Based on conversations with investigators, defense counsel, and state prosecutors, the government believes that meaningful settlement conversations towards a global resolution cannot occur until the impact of those recent developments in the arson case are fully understood. The government anticipates this should

occur before the end of May 2025.

3. Additionally, the government and defense counsel in this case have been engaged in conversations about potential suppression issues connected to a warrant that produced evidence in this case. The parties intend to meet and confer about whether or not further litigation on that issue is required. Understanding the nature of any potential litigation is necessary to setting a trial date.

4. For all of these reasons, the parties believe it would be premature to set a trial date.

5. By this stipulation, defendant now moves to continue the status conference, and to exclude time from April 2, 2025 to June 4, 2025.

6. The parties agree and stipulate, and request that the Court find the following:

a) The parties are engaged in plea negotiation. The defendant has several related cases in state court and is seeking a global resolution, which requires negotiation not only with the United States but with the applicable state authorities.

b) The government has represented that the discovery associated with this case includes investigative reports, and related documents, photographs, etc., in electronic form. Defense would like additional time to review discovery, and investigate the foundation for a resolution by plea or trial further.

c) The government does not object to the continuance.

d) An ends-of-justice delay is particularly apt in this case because:

- Defendant needs additional time to review discovery, and conduct additional investigation; and

- The parties need additional time to investigate/explore matters related to proceeding via plea or trial.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 2, 2025 to June 4, 2025,

Stipulation                                    2

inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (h)(7)(B)(iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated: March 17, 2025

Respectfully submitted,

MICHELE BECKWITH
Acting United States Attorney

By   /s/ Robert L. Veneman-Hughes
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney

Dated: March 17, 2025

/s/ Serita Rios
SERITA RIOS
Attorney for Defendant Thomas Qualls

**ORDER**

**IT IS SO ORDERED** that the status conference is reset from April 2, 2025, to June 4, 2025, and time is excluded under the Speedy Trial Act, 18 U.S.C. § 3161 between those dates upon finding of good cause pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (h)(7)(B)(iv) for the reasons stated above.

The parties shall be prepared to select a mutually agreeable trial date at the next status conference.

Dated: 3/17/2025

*Sheila K. Oberto*
HONORABLE SHEILA K. OBERTO
United States Magistrate Court Judge

Stipulation                                                                 3