ERIC GRANT
United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-00282-JLT-SKO |
|---|---|
| Plaintiff, | STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE |
| v. | |
| THOMAS QUALLS | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the United States and counsel for defendant that the status conference set for October 1, 2025, at 1:00 pm before the Honorable Sheila K. Oberto be continued to October 29, 2025, at 1:00 p.m.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.  The parties anticipate the defendant being charged via indictment with a much more serious arson case on or about October 9, 2025. That case carries a potential mandatory minimum sentence of 15 years' incarceration, considerably more than the parties' estimate of the guidelines in this matter.

2.  Defendant, through counsel, has been aware of this pending matter and has requested to negotiate for a global resolution of all matters. However, because of investigation connected to co-defendants in the new case, the government has been unable to share discovery with defense counsel to effectuate those negotiations. Now that co-defendants have been charged (via complaint) in the arson

1

1  case and the case is moving towards indictment, the government anticipates sharing discovery in that
2  new case in accordance with Rule 16 timelines.
3      3.      Once the arson indictment is returned, the government anticipates filing a notice of
4  related cases.
5      4.      The parties believe it would be premature to set a trial date for the following reasons:
6          a)     This case is anticipated to trail behind the arson case.
7          b)     This case shares some of the same litigation issues related to search warrants as
8      the arson case, and so judicial economy may benefit from resolving that litigation together.
9          c)     The defendant has previously indicated through counsel his desire for a global
10     offer encompassing all of his cases, and the filing of the arson case will assist in generating such
11     a proposed agreement.
12     5.      The parties are requesting only a short continuance in order to properly related the two
13  cases so that shared issues related to resolution and pre-trial litigation can proceed on a shared, efficient
14  track.
15     6.      By this stipulation, defendant now moves to continue the status conference, and to
16  exclude time from October 1, 2025, to October 29, 2025.
17     7.      The parties agree and stipulate, and request that the Court find the following:
18         a)     The parties are engaged in plea negotiation which is dependent on a new case
19     anticipated to be returned October 9, 2025.
20         b)     The government has represented that the discovery associated with this case
21     includes investigative reports, and related documents, photographs, etc., in electronic form.
22     Defense would like additional time to review discovery and investigate the foundation for a
23     resolution by plea or trial further.
24         c)     The government does not object to the continuance.
25         d)     An ends-of-justice delay is particularly apt in this case because:
26             • Defendant needs additional time to review discovery, and conduct additional
27                 investigation; and
28

- The parties need additional time to investigate/explore matters related to proceeding via plea or trial.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 1, 2025 to October 29, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (h)(7)(B)(iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

8. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated: September 25, 2025                           Respectfully submitted,

                                                  ERIC GRANT
                                                  United States Attorney

                                      By        /s/ Robert L. Veneman-Hughes
                                                  ROBERT L. VENEMAN-HUGHES
                                                  Assistant United States Attorney

Dated: September 25, 2025                           /s/ Serita Rios
                                                  SERITA RIOS
                                                  Attorney for Defendant Thomas Qualls

**ORDER**

Based on the parties' Stipulation, the status conference is continued from October 1, 2025, to October 29, 2025. Time is excluded under the Speedy Trial Act, 18 U.S.C. § 3161 through and including October 29, 2025, upon finding of good cause pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (h)(7)(B)(iv) for the reasons set forth in the parties' Stipulation.

IT IS SO ORDERED.

Dated: __**September 29, 2025**__          /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE