ERIC GRANT
United States Attorney
ROBERT L. VENEMAN-HUGHES
BRITTANY M. GUNTER
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT SALAZAR et al<br><br>Defendants. | CASE NO.    1:25-CR-00203-JLT-SKO (LEAD)<br>1:25-CR-00204-JLT-SKO<br>(Salazar only)<br>1:24-CR-00282-JLT-SKO<br>(Qualls only)<br><br>STIPULATION TO CONTINUE STATUS CONFERENCE |

IT IS HEREBY STIPULATED by and between the United States and counsel for defendants that the status conference set for January 21, 2026 at 1:00 pm before the Honorable Sheila K. Oberto be continued to June 3, 2026 at 1:00 p.m.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      This is the first status conference on the lead case (1:25-cr-203); the trailing firearms cases (1:25-cr-204 and 1:24-cr-282) both arise out of search warrants connected to the investigation in the lead arson and fraud case, and so many of the legal issues in the underlying cases are shared across all three cases.

2.      Defendants are in receipt of initial discovery, which includes voluminous financial discovery as well as considerable physical evidence available for defense inspection. Because this case involves arson, discovery includes expert reports by arson investigators.

Stipulation

1

3.    Counsel for all defendants have been in contact with the Government about potential plea negotiations. Based on those preliminary conversations, the Government is preparing proposed plea agreements.

4.    The parties believe it is premature to set a trial until the defendants have reviewed all discovery and the parties have had an opportunity to resolve any discovery disputes and determine if resolution via plea is likely. The parties believe they will be able to accomplish this by June 3, 2026.

5.    By this stipulation, defendant now moves to continue the status conference, and to exclude time from January 21, 2026 to June 3, 2026.

6.    The parties agree and stipulate, and request that the Court find the following:

a)    The parties are engaged in plea negotiations.

b)    The government has represented that the discovery associated with this case includes investigative reports, and related documents, photographs, etc., in electronic form, as well as physical evidence available for inspection.   Defense would like additional time to review discovery, and investigate the foundation for a resolution by plea or trial further.

c)    The government does not object to the continuance.

d)    An ends-of-justice delay is particularly apt in this case because:

- Defendant needs additional time to review discovery, and conduct additional investigation; and

- The parties need additional time to investigate/explore matters related to proceeding via plea or trial.

e)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 21, 2026 to June 3, 2026, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (h)(7)(B)(iv) because it results from a continuance granted by the Court at defendants' request on the basis of

Stipulation

2

the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated: January 7, 2026                                Respectfully submitted,

                                                       ERIC GRANT
                                                       United States Attorney


                                          By      /s/ Robert L. Veneman-Hughes
                                                       ROBERT L. VENEMAN-HUGHES
                                                       Assistant United States Attorney

Dated: January 7, 2026                         /s/ Serguel Akiti
                                                       SERGUEL AKITI
                                                       Attorney for Defendant Robert SALAZAR

Dated: January 7, 2026                         /s/ Serita Rios
                                                       SERITA RIOS
                                                       Attorney for Defendant Thomas QUALLS

Dated: January 7, 2026                         /s/ Robert Lamanuzzi
                                                       ROBERT LAMANUZZI
                                                       Attorney for Defendant Shylo BADIALI

Stipulation                                            3

**ORDER**

IT IS SO ORDERED as to all three related cases that the status conference is reset from January 21, 2026 to June 3, 2026 and time is excluded under the Speedy Trial Act, 18 U.S.C. § 3161 between those dates upon finding of good cause pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (h)(7)(B)(iv) for the reasons stated above.

Dated:   **January 12, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

Stipulation                                         4